[No. 29052. Department Two. July 10, 1943.]

W. E. ROCHE FRUIT COMPANY, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

*Rigg, Brown & Halverson, Robert S. MacFarlane,* and *Earl F. Requa,* for appellant.

*J. P. Tonkoff,* for respondent.

ROBINSON, J.—This matter comes before us on a bill of exceptions presenting but one question, which the appellant states as follows:

"Is it a substantial compliance with Section 96 of the Code in the selection of a jury list for the Judge to place on that list the names of women who had solicited jury service by signing a coupon published

[1]Reported in 139 P. (2d) 714.

in the newspaper, addressed to the Clerk of the Court, or who had personally called at the Clerk's office and asked to be placed on the jury list, practically all of the women on the panel composing 50% thereof being of that category?"

When the matter was called for trial in December, 1942, the jury panel was, at the request of appellant's counsel, excluded from the courtroom, whereupon he interposed a challenge to the venire, as follows:

"Mr. Brown: At this time, the defendant desires to interpose a challenge to the entire venire, on the grounds that a large proportion of it, all the women, were selected, not in substantial compliance with Section 96 of the Code, but in direct violation of Section 96; and for the further reason that every woman serving on this panel was listed as a prospective juror because of the fact that she solicited such service, in violation of Section 96 of the Code and in violation of the fundamental law relative to selection of jurors."

Mr. Reid Thomas, clerk of Yakima county, was called and testified that, during the previous June, additional names were added to the jury list certified to by the county assessor.

It appears that, for a number of years prior thereto, no women had served as jurors in Yakima county, due to a complete lack of facilities to take care of mixed juries. Such facilities were made available in the new courthouse during the spring of 1942, and some sort of a display advertisement was published in the papers advising the public that women jurors would be acceptable. Unfortunately, there is no copy of this advertisement in the record, but it is said to have contained a coupon which the women of the county might fill out and send to the clerk indicating their willingness to serve. Some filled out and mailed these coupons; others personally delivered them at the clerk's office. The judges ordered the names of these women to be added to the jury list.

In appellant's statement of the question involved,

and in its argument, these women are said to have "solicited" jury service. We assume that the use of the word "solicited" is based upon the following question put to Mr. Thomas, and his answer thereto:

"Q. Now, Mr. Thomas, I am not criticizing; all I want is the fact, and the fact is that the women who are now serving on this jury panel are women who requested that service either in person or by signing a coupon printed in the paper and submitting that to you? A. Well, most of them, I would say."

It will be observed that the word "requested" was used in the question put to the witness, not in his answer. We think the attention of the witness was fixed upon the point as to whether the women on the panel challenged were the persons whose names had gotten on the list in the manner above related, and that he was not assuming to decide whether their action in returning the coupons by mail or in person constituted a solicitation. In view of the fact that women are not required by law to render jury service, we think the true situation here is that, instead of their soliciting the privilege of serving, they were requested and solicited to serve, and, as the trial court suggested, volunteered to do so. It is altogether likely that at least some of them did not especially desire to serve, but answered the call purely out of a sense of duty.

The court denied the challenge to the venire. When the panel returned to the courtroom, the court, by prearrangement with counsel, asked the following question:

"Will the women of the panel, who volunteered for jury service during this term, please stand, so that we may see which of you volunteered?"

All of the women, eight in number, arose. Of those, six ultimately became members of the jury to which the case was submitted.

Rem. Rev. Stat., § 96 [P. C. § 8153], governs the matter under discussion. We quote the pertinent parts thereof:

" . . . The county assessor in each county shall prepare annually a list of all persons qualified and subject to serve as jurors, giving the name, age, sex; whether naturalized or native-born citizen, occupation, jury district and postoffice address of such persons, and shall certify and file a copy thereof with the county clerk on or before the first day of June of each year. During the month of July of each year the judge or judges of the superior court for each county shall select from said list and other sources and enter in a book kept for that purpose and shall certify and file with the county clerk a jury list containing the names of a sufficient number of qualified persons of fit character and intelligence to serve as jurors until the first day of August of the next calendar year. . . . *In making the selection the judge or judges shall not be bound by the list of names filed with the county clerk by the assessor, but may select qualified persons not included in the list. At any time and from time to time the judges may revise the jury-list by striking therefrom or adding thereto, and when this is done a certified list of names stricken or added shall be filed with the clerk.* . . . Any woman who upon being listed by the county assessor shall claim her exemption to serve as a juror, shall not be listed in the preparation of the list of jurors. . . . " (Italics ours.)

■ Counsel insist, and rightly, that a litigant is entitled to have his case submitted to a jury selected in the manner required by law; and further, that, if the selection is not made substantially in the manner required by law, an error may be claimed without showing prejudice, which will be presumed. But it will only be presumed when there has been a *material* departure from the statute.

We have examined the some sixteen or seventeen decisions cited by appellant from other jurisdictions, and, in considering the differences in the statutes and circumstances involved, we do not find the principles therein announced so variant from our own that we feel inclined to recede from the position taken in *State v. Rholeder,* 82 Wash. 618, 620, 144 Pac. 914, from which we quote as follows:

"The manner of making up the jury lists indicated by the statute is merely directory, and need be only substantially complied with, to the end that a fair and impartial trial may be had. There are decisions to the effect that statutes describing the powers and duties of the jury commissioners and corresponding officers to whom is entrusted the duty of making up the jury lists, and prescribing the time and manner of exercising such duties, are mandatory. But in this state we have followed the great weight of authority, to the effect that such statutes are directory and that the fact that the officer, in the performance of his duty, failed to conform precisely to the statutory requirements, did not invalidate his act unless it appears that there is reasonable apprehension that the complaining party has been prejudiced. The purpose of all these statutes is to provide a fair and impartial jury, and if that end has been attained and the litigant has had the benefit of such a jury, it ought not to be held that the whole proceeding must be annulled because of some slight irregularity that has had no effect upon the purpose to be effected. There is no attempt to show any prejudice here, but the whole attack is based upon the act of the clerk in making use of the information obtained from sources other than the tax rolls and poll books, it being said that such information is not from 'official sources' as demanded by the statute. All we care to say, and all that need be said, is that the clerk has substantially complied with the duty imposed upon him by the statute, and such compliance is sufficient in the absence of any showing of consequent injury. *State v. Krug,* 12 Wash. 288, 41 Pac. 126; *State v. Bokien,* 14 Wash. 403, 44 Pac. 889; *State v. Straub,* 16 Wash. 111, 47 Pac. 227; *State v. Barnes,* 54 Wash. 493, 103 Pac. 792, 23 L. R. A. (N.S.) 932; *State v. Leroy,* 61 Wash. 405, 112 Pac. 635."

As is prescribed in that portion of the statute which we have italicized, the judge or judges are not bound by the list of names filed by the assessor, but may select qualified persons not included in the list, and may revise the jury list by striking therefrom or adding thereto from time to time. We think the method employed for discovering the names of the women

throughout the county who would be willing to serve, and then adding them to the jury list, does not show a material departure from the statute; and, since no actual prejudice is shown, nor any claimed:

The judgment appealed from will stand affirmed.

SIMPSON, C. J., BEALS, BLAKE, and GRADY, JJ., concur.