[No. 5898–1–III.   Division Three.   January 3, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT JOSEPH KILLEN, *Appellant.*

Howard M. Neill and Aitken, Schauble, Patrick & Neill, for appellant (appointed counsel for appeal).

Ronald R. Carpenter, Prosecuting Attorney, and April McComb, Deputy, for respondent.

MUNSON, J.—Robert Joseph Killen appeals his convictions of simple assault, second degree rape, and unlawful imprisonment. The sole issue is whether the trial court erred in temporarily setting aside the names of three veniremen who voiced scheduling conflicts with the trial. We affirm.

During voir dire, the trial court asked the veniremen if they had any "genuine time problem", but no "flippant reasons", if the trial lasted more than 3 days. Mrs. Curtis stated she worked in a 2–person office, and her boss was going out of town. Mr. Schultz stated he had vacation plans. Mrs. Mack had a meeting scheduled of "20 people coming from all over the state". The trial court stated none of those were valid excuses, but the three probably would be replaced if there were sufficient other qualified jurors.

Voir dire proceeded, and the three names were set aside

as they were drawn. After several peremptory challenges had been exercised, the three names were placed in the jury box again. Mrs. Curtis' name was then drawn and she was empaneled after further voir dire. Neither side exhausted its peremptory challenges or exercised any challenge for cause.

Killen does not contend the jury selected was in fact biased or otherwise unqualified. Rather, he argues the element of chance was removed from the jury selection process when the trial court set aside the three names. *State ex rel. Murphy v. Superior Court*, 82 Wash. 284, 144 P. 32 (1914). He claims his right to an impartial jury trial was denied. Const. art. 1, § 22 (amend. 10).

*Murphy* concerned grand jury selection, but it is apposite because the pertinent statutes provided grand jurors were to be selected in the same manner as petit jurors. The trial judge there had actually selected the necessary 17 grand jurors. The Supreme Court quashed the indictment, holding an essential element of jury selection is that of chance. "The English speaking people have found no better way and have made it the supreme test of sufficiency." *State ex rel. Murphy v. Superior Court, supra* at 286. The court noted the judge had arbitrarily selected the jurors, and a fair jury was in fact selected. However, the court expressed fear that to approve the judge's method would be to permit a judge to choose his own jury under color of law.

*Murphy* was distinguished in *State v. Guthrie,* 185 Wash. 464, 56 P.2d 160 (1936). There, the trial court on its own motion had excused several jurors who had been drawn by chance. They were replaced with jurors whose names were also drawn by chance. The court held statutory and common law authorized the court to excuse veniremen on its own motion. "To deny this right would be out of harmony with the policy of the law, which charges the court with the responsibility of insuring that qualified and impartial grand jurors are secured." *State v. Guthrie, supra* at 475. Review was based on the abuse of discretion standard; the Supreme Court held there was no abuse.

RCW 2.36.100 provides the trial court may excuse the veniremen "upon a showing of undue hardship, extreme inconvenience, . . . or any reason deemed sufficient by the court . . ." An earlier version of the statute, containing similar language, was held to vest wide discretion in the trial court. *State v. Ingels,* 4 Wn.2d 676, 104 P.2d 944, *cert. denied,* 311 U.S. 708 (1940).

In *State v. Phillips,* 65 Wash. 324, 118 P. 43 (1911), doubt was raised about a venireman's citizenship. The trial court excused him without proof he was not a United States citizen. The Supreme Court affirmed, holding the fact a venireman may have been rejected on insufficient grounds is of no consequence unless as a result an unqualified juror is selected.

> ". . . [I]f the prisoner has been tried by an impartial jury, it would be nonsense to grant a new trial or a *venire de novo* upon this ground, in order that he might be again tried by another impartial jury." 1 Thompson, Trials, § 120.

*State v. Phillips, supra* at 327. *Accord, State v. Finlayson,* 69 Wn.2d 155, 417 P.2d 624 (1966). *See also State v. Aleck,* 10 Wn. App. 796, 520 P.2d 645, *review denied,* 84 Wn.2d 1006 (1974), *cert. denied,* 420 U.S. 937, 43 L. Ed. 2d 413, 95 S. Ct. 1146 (1975) (holding only substantial compliance with RCW 2.36.060, concerning the manner of compiling jury lists in general, is necessary).

The element of chance was not removed from the jury selection process here, nor has Killen shown any prejudice. The trial court did not abuse its discretion.

The judgment is affirmed.

McINTURFF, A.C.J., and THOMPSON, J., concur.