[No. 57653-0.   En Banc.   October 17, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. SUSAN A. TINGDALE, *Petitioner.*

*Craddock D. Verser* of *Clallam-Jefferson County Public Defender,* for petitioner.

*John F. Raymond, Prosecuting Attorney,* and *Mark L. Huth, Deputy,* for respondent.

*Catherine Wright Smith* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae for petitioner.

*James H. Kaufman, Prosecuting Attorney for Whitman County; Norm Maleng, Prosecuting Attorney for King County,* and *Michael E. Shaw, Deputy,* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae for respondent.

UTTER, J. — Susan A. Tingdale petitions for review of an unpublished Court of Appeals decision affirming her conviction for possession of marijuana with intent to deliver. She claims the decision conflicts with decisions of this court and further alleges the case presents a significant question of constitutional law and an issue of substantial public interest. We granted review pursuant to RAP 13.4(b)(1), (3) and (4), and reverse the Court of Appeals and the conviction.

I

Susan A. Tingdale (petitioner) was charged by information with possession of marijuana with intent to deliver. She was tried in Jefferson County Superior Court. Jury selection began on November 29, 1988. That morning, counsel for petitioner informed the court he had just learned that prior to voir dire, the court clerk excused three individuals from the jury panel on the grounds they were acquainted with petitioner. Three individuals were excused: a person who had attended high school with petitioner but had seen her only once in the past 20 years; another person who was the brother of a friend of the petitioner; and the landlord of the building in which the petitioner lived and where the crime occurred. Counsel objected to the exclusion of these individuals and asked the court to remedy what he perceived to be an error by the court clerk. He offered three alternative means to remedy the error: (1) recall those jurors, (2) allow the defense three additional peremptory challenges, or (3) reduce the number of the prosecutor's peremptory challenges. The court declined to order any of these remedies.

The court explained that where the clerk knows a potential juror is "a close friend of the defendant or knows a defendant well", it is the usual practice in Jefferson County for the clerk to "make a point of not calling them for jury duty." Report of Proceedings, at 158. In this case, a deputy clerk summoned the three jurors while the clerk was on vacation. When she returned, the clerk brought the

matter to the court's attention. The court did not ask the clerk to identify the persons nor did it attempt to question them regarding their acquaintanceship with petitioner. Instead, relying on the clerk's judgment alone, the court told the clerk to excuse these individuals.

During voir dire, it became apparent that members of the jury panel were acquainted with law enforcement officers, and at least one of them was a social friend of the sheriff. After petitioner used all of her peremptory challenges, she renewed her motion for additional peremptory challenges. The motion was denied. Following trial, the jury found petitioner guilty of possession of marijuana with intent to deliver.[1]

One of the issues raised before the Court of Appeals was: did the trial court deny petitioner her right to a fair trial by an impartial jury when it unilaterally allowed the clerk to excuse three members of the jury panel based on their acquaintance with the petitioner? The Court of Appeals held:

> There is no showing that the jury selection process was other than that done on a constitutionally random basis. The court neither abused its discretion by refusing to recall the three potential jurors excused by the clerk nor by not awarding additional peremptory challenges.

*State v. Tingdale*, noted at 59 Wn. App. 1004 (1990), slip op. at 5. The court also concluded the petitioner failed to show she was prejudiced by any error on the part of the trial court. Petitioner challenges this holding.[2]

---

[1]The jury also returned a special verdict, finding petitioner was not armed with a deadly weapon at the time of the commission of the crime. Clerk's Papers, at 63. (At the time of arrest, petitioner was sleeping in her bedroom, and there was an unloaded .38 revolver on the table by the bed. Clerk's Papers, at 2.)

[2]Two other issues before the Court of Appeals have not been challenged in this appeal.

## II

Jefferson County's procedure allows the court to not call a juror whom the clerk believes, based on personal knowledge, would either be excused for cause or by use of a peremptory challenge during voir dire. Petitioner argues this procedure violates her constitutional right (under the sixth amendment to the United States Constitution and article 1, section 22 of the Washington Constitution) to a fair trial by an impartial jury. She argues an impartial jury is ensured through the random selection of a jury panel, that the Legislature has enacted statutes to guarantee this random selection (RCW 2.36), and that Jefferson County's practice departs from the random selection process required by law. Because the jury selected for her case was not randomly selected, petitioner concludes, it was not impartial. Therefore her constitutional rights were impaired.

The State responds that Jefferson County's practice does not constitute a material departure from the law, that petitioner has no vested right in a particular juror, and that petitioner has failed to show actual prejudice in that she has failed to establish the jury was not fair and impartial.

Because we decide this case on other grounds, we do not reach the constitutional issue. *See State v. Hall*, 95 Wn.2d 536, 539, 627 P.2d 101 (1981). The sole issue is: During the jury selection process in this case, did the trial court abuse its discretion by relying on the clerk's subjective opinion in excusing these jurors and by refusing petitioner's request to recall them?

## III

The Court of Appeals stated the standard of review for excusing jury venire members is abuse of discretion, and that the petitioner must show the error, if any, has prejudiced her case. *Tingdale*, slip op. at 4 (citing *State v. Guthrie*, 185 Wash. 464, 56 P.2d 160 (1936); *State v. Killen*,

39 Wn. App. 416, 419, 693 P.2d 731 (1985)). The Court of Appeals found the trial court did not abuse its discretion in refusing to recall the jurors and that the petitioner had failed to establish prejudice. Therefore, it affirmed the conviction. *Tingdale*, slip op. at 5.

■■ The standard of review is abuse of discretion, but we disagree with the Court of Appeals finding that the trial court did not abuse its discretion. Where the selection process is in substantial compliance with the statutes, the defendant must show prejudice. If there has been a material departure from the statutes, prejudice will be presumed. *Roche Fruit Co. v. Northern Pac. Ry.*, 18 Wn.2d 484, 139 P.2d 714 (1943).

■ The trial judge's ruling in this case was not in substantial compliance with the statute. A randomly selected jury is a right provided by statute and is based on the Legislature's policy of providing an impartial jury. *See State ex rel. Murphy v. Superior Court*, 82 Wash. 284, 286, 144 P. 32 (1914). Former RCW 2.36.090, which was in effect at the time of petitioner's trial, required the county clerk to be blindfolded, and in the presence of a judge or a court commissioner, to draw from the jury boxes "the names of such number of persons as may have been ordered summoned as jurors for the ensuing term : . . . The names shall be drawn in equal numbers from each jury box . . . and the drawing of the slips *shall depend purely upon chance*." (Italics ours.) However, we have interpreted this statute to be directive only. No one method is required. As long as the method chosen preserves the element of chance in selection of the panel, it has been found to be proper. *See State v. Rholeder*, 82 Wash. 618, 620, 144 P. 914 (1914); *State ex rel. Murphy*, 82 Wash. at 286.[3]

---

[3]In 1988, the Legislature completely rewrote RCW 2.36, and authorized the superior courts to use methods other than those provided under the former law. However, random selection is still required. RCW 2.36.065 provides it shall be the *duty* of the judges of the superior courts to *ensure* "continued random selection" of jury lists and panels. No one process is required, "so long as fair and random selection . . . is achieved." *See also* RCW 2.36.050, .063.

■ In *State ex rel. Murphy*, the defendant was indicted by grand jury. The jury was selected as follows: 78 names were drawn from the jury list. Some could not be found, some were exempt, some disqualified and some excused. The judge then selected 17 jurors to serve. The remainder were excused. Murphy moved to set aside the indictment on the ground the jury was not summoned, drawn or impaneled as provided by law. The court found the selection process was in violation of the law and quashed the indictment, reasoning:

> to approve the method adopted by the court would be to permit a judge, if he so willed, to provide a grand jury of his own choosing in every case under color of law. . . .
> No cases are cited to sustain a practice so fraught with possibilities.

82 Wash. at 287-88. Similarly, in the present case, the practice allows the judge, and even the clerk, to assemble a jury panel of their own choosing. This practice violates the statutorily required element of chance and calls into doubt the impartiality of the jury selected.

■ Furthermore, it is the trial judge, and not the clerk, who has the authority to excuse jurors for cause. CrR 6.4(c)(1). A juror's acquaintance with a party, by itself, is not grounds for a challenge for cause. *Wise v. Commonwealth*, 230 Va. 322, 337 S.E.2d 715 (1985) (social relationship between prosecutor and juror not grounds for disqualification), *cert. denied*, 475 U.S. 1112 (1986).

RCW 4.44.170 sets forth the grounds upon which jurors may be removed for cause. Jurors may be removed for cause if they: (1) possess a state of mind "which satisfies the court that the challenged person cannot try the issue impartially and without prejudice", (2) if they are related to one of the parties, (3) if they have sat on a jury in a previous trial of the same case, or (4) if they have an interest in the litigation. RCW 4.44.170, .180. In the present case, the trial judge approved the dismissal of the three jurors. The court had no factual basis on which to base a finding of actual or imputed bias on the part of at

least two of these jurors.[4] There is nothing in the record to establish these jurors could not try the case impartially and without prejudice.

For these reasons, the court's practice of excluding potential jurors prior to voir dire, based on the clerk's subjective knowledge of the jurors' acquaintance with the defendant, is an abuse of discretion.

## IV

■ In *Roche Fruit Co. v. Northern Pac. Ry., supra,* we held:

> [A] litigant is entitled to have his case submitted to a jury selected in the manner required by law; and further, that, if the selection is not made substantially in the manner required by law, an error may be claimed without showing prejudice, which will be presumed. But it will only be presumed when there has been a *material* departure from the statute.

18 Wn.2d at 487. This is the general rule in the United States.[5] Because the trial court's practice of jury selection constitutes a material departure from the statute, prejudice is presumed in this case.

In *State v. Phillips*, 65 Wash. 324, 118 P. 43 (1911), we held it is not grounds for exception that a qualified juror was rejected on insufficient grounds, unless "through rejecting qualified persons, the necessity of accepting *others* not qualified has been purposely created." 65 Wash. at 326 (quoting 1 S. Thompson, *Trials* § 120 (1912)). Under *Phillips*, prejudice exists in this case. As a result of the trial court's rejection of these jurors, qualified jurors were rejected,[6] and petitioner was forced to accept other, pos-

---

[4]An exception exists with regard to the landlord. He was properly, if precipitously, excused. Under RCW 4.44.180(2), implied bias exists in a landlord-tenant relationship.

[5]*See* 47 Am. Jur. 2d *Jury* § 123 (1969) (the excusing of a juror by the court of its own motion is not ordinarily reversible error where it does not appear defendant did not receive a fair trial by an impartial jury).

[6]There is no evidence that these jurors, with the exception of the landlord, would have been challenged during voir dire.

sibly "unqualified", jurors (namely, the friend of the sheriff). Had there been persons acquainted with both parties on the panel, perhaps a more "balanced" (impartial) jury would have resulted.

■ The jury selection process in the present case is a material departure from RCW 2.36 and prejudice is presumed. At trial, the petitioner requested recall of those prospective jurors who had been excused by the clerk. We find the trial court abused its discretion by failing to allow the requested relief, thereby allowing the clerk to summarily excuse the prospective jurors. The Court of Appeals is reversed and the case is remanded for a new trial.

DORE, C.J., and BRACHTENBACH, ANDERSEN, SMITH, and JOHNSON, JJ., concur.

DOLLIVER, J. (dissenting) — I would affirm the trial court and the Court of Appeals. The majority misconstrues and misapplies the relevant statutes and neglects even to mention the decisive statute.

In accordance with former RCW 2.36.063 and former RCW 2.36.093, both the master jury list and the jury panel were randomly selected. (There is no contention to the contrary by either the majority or the defendant.) These are the only juror lists which are statutorily required to be randomly selected. Because the jurors in question were eliminated from the panel *after* it had been randomly selected, no statutory violation occurred. This, of course, is the time when prospective jurors are to be removed. *See, e.g.,* former RCW 2.36.100, .110; RCW 4.44.230-.250. Although the majority seems to suggest otherwise, there is no requirement the actual jury must be randomly selected.

Once the jury panel has been randomly selected, the trial court may excuse panelists from jury duty for "any reason deemed sufficient by the court for [whatever] period of time the court deems necessary." Former RCW 2.36.100. Defendant contends this language allows panelists to be

excused only where undue hardship or disability are present. However, defendant cites no authority and provides no analysis to support this contention. The majority does not mention former RCW 2.36.100.

Upon the recommendation of the County Clerk, relying on the judgment of the Clerk, acting within its prerogative under former RCW 2.36.100, and following a long-standing procedure in Jefferson County, the trial court approved the action by the Clerk excusing three persons from the jury panel. *See State v. Ingels*, 4 Wn.2d 676, 682-83, 104 P.2d 944 (trial judge has broad discretion in excusing potential jurors), *cert. denied*, 311 U.S. 708 (1940). The reasons given by the trial court for its action are thoughtful and compelling:

> The way things came up, in terms of a little explanation. The Clerk of the Court mentioned to me this morning prior to the time I met with the attorneys that there were some people who she should not have called for jury duty but that because she was on vacation and the jury call went — was sent out by one of her deputy clerks, some people were included in the jury panel who the Clerk of the Court felt were well acquainted with the defendant and would be excused because of that fact. Usually, if we know that somebody is going to be a close friend of the defendant or knows a defendant well we will simply make a point of not calling them for jury duty. I guess because we are a smaller county it is easy to know that kind of information. When the Clerk mentioned that to me, I said rather than have them with the entire jury panel as people are chatting with each other out in the hallway with the good likelihood that those people are simply going to be excused as soon as they indicate that they know the defendant well, she should just go ahead and excuse the individuals then. I didn't ask that she specifically identify the people or ask her to specifically quiz the individuals in terms of their acquaintanceship with the defendant. It has simply been our practice if we know that a juror is going to be excused to go ahead and excuse them early on so that they don't have to spend the morning here or all day, as it is indicated the length of jury selection is going to take today, and then find out that they are going to be

excused because of a relationship with one of the parties. So, I told the Clerk to go ahead and excuse those individuals and that is the manner in which they were excused.

Report of Proceedings vol. II, at 158-59.

I find neither material deviation from the statutory requirements nor an abuse of discretion. The jury list and jury panel were randomly selected. The record makes clear the potential jurors on the panel were excused with the express approval of the trial court after the panel was randomly selected. This the court was entitled to do. *See State v. Guthrie*, 185 Wash. 464, 56 P.2d 160 (1936); *State v. Killen*, 39 Wn. App. 416, 693 P.2d 731 (1985). To infer, as the majority seems to do, that the trial court was required personally to conduct an examination of the jurors excused from the panel has no warrant. The trial court was in full compliance with the statutes. As the majority concedes, "[w]here the selection process is in substantial compliance with the statutes, the defendant must show prejudice." Majority, at 600. Defendant cannot claim prejudice simply because she would rather have had a jury other than the one selected. *State v. Phillips*, 65 Wash. 324, 118 P. 43 (1911).

There has been no material departure from the statutes, and defendant has shown no prejudice. The constitutional issues raised by defendant are without merit. While I am inclined to agree with the Court of Appeals that a better procedure might be adopted in the future in Jefferson County, there has been no abuse of judicial discretion, and defendant has not been deprived of any statutory or constitutional right.

I dissent.

DURHAM and GUY, JJ., concur with DOLLIVER, J.