[Nos. 42506-4-I; 42916-7-I; Division One. September 7, 1999.] 42958-2-I.

THE STATE OF WASHINGTON, *Respondent*, v. JERRY TWYMAN, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent*, v. DONALD VANGEYSTEL, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent*, v. TAYE YIRDAW, *Petitioner.*

*Steven Witchley* and *Neil Martin Fox* of *Seattle-King County Public Defender Association*, for petitioners.

*Norm Maleng, Prosecuting Attorney*, and *Deanna Jennings Fuller, Deputy*, for respondent.

GROSSE, J. — The Shoreline Division of the King County District Court selects its jury pool from the three zip code zones contiguous to the boundaries of the division, but not coextensive with the geographic area of the division. Prospective jurors come from King County, usually from within the Shoreline Division, but not necessarily. RCW 2.36.050[1] permits courts of limited jurisdiction to select jury panels

---

[1]"In courts of limited jurisdiction, juries shall be selected and impaneled in the same manner as in the superior courts, except that a court of limited jurisdiction shall use the master jury list developed by the superior court to select a jury

from the population of the area served by the court. We find this statute conforms to state constitutional requirements that guarantee criminal defendants the right to trial before a "jury of the county." We further hold that the reorganization of the King County district courts into a single administrative unit consisting of geographic divisions rather than autonomous districts does not change the analysis. The critical question is whether the selection method provides a fair, impartial, and random jury for each defendant. The appellants have failed to show that it did not. The decisions of the trial courts are affirmed.

By complaints filed in the Shoreline Division of the King County District Court, the State charged each of the appellants with crimes. Prior to trial in the Twyman and Yirdaw cases, defense counsel moved to have the jury pools drawn from the entirety of King County.[2] Both Twyman and Yirdaw argued that the zip code zone method or other area jury pool process used by the Shoreline Division was improper even if seemingly authorized by RCW 2.36.050. To the extent this selection of the jury pool was to be allowed, Twyman and Yirdaw argue that the statute was unconstitutional or was not substantially complied with because jurors were being selected from outside the Shoreline Division boundaries, although admittedly within King County. The motions were denied.

In Vangeystel's case, defense counsel objected to the composition of the jury pool after the voir dire process, but before the beginning of the testimony. The defense objection set forth on the record included counsel's argument that the jury was drawn from only three zip code zones and not the county as a whole. On the other hand, counsel

panel. Jurors for the jury panel may be selected at random from the population of the area served by the court." RCW 2.36.050.

[2]Court staff from the Shoreline Division told defense counsel that the jurors were selected from the master list provided by the King County Superior Court, and reduced to three Shoreline area zip codes within King County. There is no known dispute that these three zip codes extend slightly beyond the boundaries of the Shoreline Division, while not including a portion of Lake Forest Park, which is in the Shoreline Division area.

noted that the zip code boundaries were not coextensive with the Shoreline Division district parameters, and that several of the jurors were from Seattle, outside the population served by the court.

All three defendants appealed their convictions to King County Superior Court, and all three cases were affirmed. A commissioner of this court granted review and consolidated the cases.[3]

■ Initially, the appellants make much of the fact that in 1989, one year following the passage of RCW 2.36.050 by the Legislature, the King County Council unified the several autonomous district courts within its borders. Thus, the appellants argue the area from which jury pool selection must be made is the county as a whole, using the jury source and master jury lists as compiled by the King County Superior Court. The argument is not persuasive.

The King County District Court is divided into several divisions. So long as a fair and random jury panel selection is made from the master jury list, courts of limited jurisdiction may limit the jury pool to the geographical area served by the court. It defies reason to assume that the Legislature would allow for a geographical narrowing of jury panel selection and then require the pool be taken from the county as a whole. Indeed, the Supreme Court gave its tacit approval to geographic narrowing in the case of *Carrick v. Locke*.[4] There, specifically discussing inquest juries, the court held that an inquest jury must be chosen from a broader superior court source list. But the court stated that under RCW 2.36.050, district court juries may be selected at random from the narrower population of the area served by the court. Thus, district courts may rely on jury pools from a narrower geographic range.

The purpose of the statutory scheme regulating jury selection is to ensure a fair and random selection of jurors.

[3]Although not actually critical to our determination here, Vengeystel's motion to supplement the record is granted.

[4]*Carrick v. Locke*, 125 Wn.2d 129, 145, 882 P.2d 173 (1994).

But the Legislature allows for a variety of methods to be developed by particular courts in order to fulfill that purpose. The Legislature stated that nothing in the jury selection process shall be construed to require uniform equipment or methodology throughout the state, so long as fair and random selection of the master jury list and jury panels is achieved.[5] Thus, the Shoreline Division of the King County District Court complied with the statutory scheme provided for by RCW 2.36.050.

■ Given this, the appellants claim that the jury pools empanelled through a narrower geographic area pursuant to RCW 2.36.050 violates WASH. CONST. art. I, § 22. That provision clearly states:

> In criminal prosecutions the accused shall have the right . . . to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed . . . .

The appellants claim the issue is whether the statute impermissibly alters the right to have a jury *of the county*. In essence they argue that this language must be read "jury of the *entire* county." That is not the case.

*State v. Newcomb*,[6] in which an appellant unsuccessfully challenged a "three box" method of jury panel selection as being violative of WASH. CONST. art. I, § 22, contains language regarding the phrase "jury of the county." There, in describing the history of jury pool selection and how it has changed over the years, the court stated that the words "jury of the county," as used in our constitution, have never been held to mean more than that the jurors, when summoned, should come from some part of the county.

Here, the method ensured that jury selection from the master jury list, narrowed to a three zip code area sur-

---

[5] *See* RCW 2.36.054.

[6] *State v. Newcomb*, 58 Wash. 414, 109 P. 355 (1910).

rounding the division of the district court, continued to be a random selection from qualified jurors in the county and could be considered nothing less than a "jury of the county." The statutory scheme at issue here does not violate that provision of the state constitution that guarantees a fair and random selection of jurors. The method used by the Shoreline Division of the King County District Court is simply one way to create a practical and workable solution to empanelling a fair cross section of citizens while minimizing the burdens thereon. It is not unconstitutional. A random selection continues to be ensured.[7]

Finally, appellants assert that if the scheme allowing a geographical narrowing of jury selection for courts of limited jurisdiction is valid and the statute constitutional, then the exact method used by the Shoreline Division of the King County District Court does not comply with the statute. The appellants claim the use of three zip code zones to localize the jury list to the Shoreline Division permits the empanelling of some jurors from an area outside of the Shoreline Division, although still within King County. At the same time, appellants claim others living within the Shoreline Division are not used because they are not within the three zip code zones. Thus, they claim the statutory selection process is materially violated and there is no substantial compliance with the statute.

If statutory jury selection procedures are materially violated, a claimant need not show actual prejudice, rather it is presumed.[8] But review of the method here indicates that any actual lack of strict compliance is not material or prejudicial.

---

[7]*See State v. Tingdale*, 117 Wn.2d 595, 600 n.3, 817 P.2d 850 (1991) (institution of 1988 legislative scheme of RCW 2.36 indicates random selection still required for jury lists and panels).

[8]*Id.* at 600, 602; *W.E. Roche Fruit Co. v. Northern Pac. Ry.*, 18 Wn.2d 484, 487, 139 P.2d 714 (1943).

As set forth in *State v. Rholeder,*[9] later relied on in *State v. Finlayson:*[10]

> The manner of making up the jury lists indicated by the statute is merely directory, and need be only substantially complied with, to the end that a fair and impartial trial may be had. . . . [S]uch statutes are directory and that the fact that the officer . . . failed to conform precisely to the statutory requirements, did not invalidate his act unless it appears that there is reasonable apprehension that the complaining party has been prejudiced. The purpose of all these statutes is to provide a fair and impartial jury, and if that end has been attained and the litigant has had the benefit of such a jury, it ought not to be held that the whole proceeding must be annulled because of some slight irregularity . . . .

This principle was affirmed more recently in *State v. Rice.*[11] There, the court held that if the selection process is in substantial compliance with the statutes, the defendant must show prejudice to gain relief. Only if there is a material departure from the statute will prejudice be presumed.

Here, the procedure used by the Shoreline Division of the King County District Court did not materially depart from the statute. The use of the zip code zones is a reasonable way to gather a large cross section of jury persons to be used in a division of the district court. The appellants have not demonstrated a material departure and failed to demonstrate any actual prejudice.

The decisions of the Shoreline Division of the King County District Court as affirmed by the King County Superior Court on RALJ appeal are affirmed.

Cox and ELLINGTON, JJ., concur.

---

[9]*State v. Rholeder,* 82 Wash. 618, 620-21, 144 P. 914 (1914).

[10]*State v. Finlayson,* 69 Wn.2d 155, 156-57, 417 P.2d 624 (1966).

[11]*State v. Rice,* 120 Wn.2d 549, 562, 844 P.2d 416 (1993).