FILED
COURT OF APPEALS
DIVISION II

2015 JAN 13 AM 11: 13

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44558-1-II |
| Respondent, | |
| v. | |
| CHRISTOPHER EUGENE SETZER, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — A jury convicted Christopher Eugene Setzer of felony telephone harassment by threatening to kill the person harassed.[1] Following an evidentiary hearing on a remanded personal restraint petition (PRP), the superior court dismissed Setzer's PRP in which he argued he had received ineffective assistance of counsel on three grounds. Setzer appeals the superior court's decision. Finding no error, we affirm.

## FACTS

Setzer's conviction arose from an incident in which he threatened to kill Duane McCollum, a service manager at Richie's Tire Factory, during a telephone call after Sezter's car was apparently

---

[1] RCW 9.61.230(2)(b).

damaged at the tire store. *See State v. Setzer*, noted at 152 Wn. App. 1004, 2009 WL 2836621 (2009), *review denied*, 170 Wn.2d 1006 (2010). The State charged Setzer with felony telephone harassment by threatening to kill the person harassed, and the case proceeded to a jury trial.

## I. TRIAL COURT PROCEEDINGS

During the jury selection process, the court clerk selected slips of paper containing the prospective jurors' names from a box and seated the 38 prospective jurors in the order of selection. Setzer observed at least some of this process and made some type of objection about the process to his counsel, Steven Thayer. Thayer did not bring Setzer's objection to the trial court's attention.

After the venire was seated, the trial court questioned the prospective jurors about whether they knew any witnesses or counsel involved in the case. The prospective juror seated in the 4th position was excused for cause because he was a personal friend of Dave Monte from the tire store and had stated that this relationship would likely influence his judgment of Monte's credibility. The prospective juror seated in the 13th position stated that she had had work done on her car at the tire store in the past and that she knew Monte from that contact. After she stated that this would not affect her ability to remain impartial, neither party moved to excuse this juror.

An unidentified prospective juror also stated that Monte was her husband's friend and that she had been scheduled to take her car into the tire store that day. After she confirmed that she did not think that this would affect her ability to remain impartial, neither counsel moved to excuse her. Later, an unidentified prospective juror[2] also stated that she knew McCollum, apparently from

---

[2] It is not clear from the record whether this was another unidentified juror or the same unidentified juror.

having seen his name on his shirt at the tire store. Neither party moved to excuse this prospective juror after she stated that her familiarity with McCollum would not influence her.

The trial court then asked the venire if anyone knew Dean Gregory from Carson. One prospective juror, Dana Miles, responded that she may have gone to elementary and high school with Gregory, who was now in his 30s, in Lyle, Washington. The trial court then asked Miles about how this would affect her ability to serve as a juror:

> THE COURT: Okay. So if you know him, how would that affect you if he testifies as a witness? If you can say without --
> MS. MILES: Negative. It would be negative.
> THE COURT: Okay. So you've already formed an opinion, then?
> MS. MILES: Based on my prior knowledge, correct.

Clerk's Papers (CP) at 243. The trial court excused Miles at Thayer's request. Thayer did not move to strike the remaining venire.

During the trial, Gregory testified that he had seen the damage to Setzer's truck and that he had overheard Setzer's telephone call to McCollum. He also testified that he "heard Setzer threaten to sue McCollum but denied that Setzer swore or threatened to kill McCollum." CP at 21. The jury found Setzer guilty as charged.

## II. APPEAL AND PRP

We affirmed Setzer's conviction in an unpublished decision. See Setzer, noted at 152 Wn. App. 1004. In this decision, we declined to consider Setzer's numerous ineffective assistance of counsel claims because they related to matters outside the record. Setzer, 2009 WL 2836621, at *3.

Setzer then filed a PRP. In this PRP, Setzer alleged that he had received ineffective assistance of counsel on various grounds. We transferred the PRP to the Clark County Superior

Court for an evidentiary hearing and a decision on the merits under RAP 16.12. We directed the superior court to consider whether Thayer provided ineffective assistance by (1) failing to move to disqualify the jury venire after Setzer informed him that he (Setzer) had viewed the clerk intentionally pick three prospective jurors associated with the State's complaining witness when seating the venire, (2) failing to move to disqualify the jury venire or use a peremptory challenge when Setzer told him that one of the potential jurors had lied, had ill-will toward him, and had tainted the jury pool, and (3) failing to move for a continuance after Setzer informed him that his (Setzer's) chronic pain and prescription narcotics made it impossible to participate in his own defense.

## III. EVIDENTIARY HEARING

The superior court held an evidentiary hearing on this matter.[3] Based on the testimony at this hearing, the superior court issued a written memorandum opinion summarizing the evidence presented and making finding of facts as to each issue.

As to the ineffective assistance of counsel claim based on counsel's failure to move to dismiss the venire because of the trial court clerk's alleged misconduct in seating the jurors, the superior court made the following findings of fact:

> This court concludes the court clerk followed proper procedure in the [sic] selecting the jurors' names from the box. It is noted no challenge has been made to the Clark County venire as lacking random selection; therefore, the slips of names delivered to the court clerk were already the result of a random selection process from which the clerk was selecting the order of seating. The clerk followed the procedure (in place at the time) of placing the slips of paper with the names in the box, spinning the box, and selecting randomly for the order of seating. The clerk could not see into the box. The only information on the slips of paper were the names of prospective jurors; there was no information on the slips of paper

---

[3] Trial court clerk Doreen Shinabarger, Thayer, and Setzer testified at this hearing.

4

which would make it possible for the clerk to select for any connection to the case. In addition, the clerk had no information or possible bias to "stack the jury" against the defendant. There was no prejudice to the defendant based upon the actions of the Clerk. Defendant's experienced and well-qualified attorney made tactical decisions, challenging prospective jurors when he had legal cause, as can be seen from the record of the proceedings. Counsel was not ineffective in failing to challenge the entire jury panel or the legality of the process.

CP at 364.

The superior court then addressed the ineffective assistance of counsel claim based on counsel's failure to move to disqualify the venire or use a peremptory strike to excuse Miles whom Setzer alleged had lied, had ill-will towards him, and had tainted the jury pool. The superior court made the following findings of fact:

> The trial judge recognized the juror had formed a negative opinion as to a defense witness. Mr. Thayer challenged the juror for cause, and she was excused. Any failure of the witness to recognize defendant or reveal she had a negative opinion of him was irrelevant as the juror was excused for cause. *The actual statements of the juror in the presence of other jurors were very limited. There was an insufficient basis to challenge the entire panel based on the negative opinion of one prospective juror about a potential defense witness. As Mr. Thayer concluded, it is highly unlikely the court would have granted such a challenge, if made.* Counsel was not ineffective for failing to challenge the entire panel based on the statement of Ms. Miles.

CP at 366 (emphasis added).

Finally, the superior court addressed the ineffective assistance of counsel claim based on counsel's failure to move for a continuance after Setzer informed counsel that his (Setzer's) chronic pain and use of prescription narcotics made it impossible for him to participate in defense. The superior court made the following findings of fact:

> The defendant has suffered injuries which have resulted in chronic pain. The medical record admitted as Exhibit 3 indicates the defendant had been prescribed medications for pain management. *However, the defendant's attorney, who discussed all aspects of the case with him over the period of a year, found defendant to be an intelligent man, and did not note any mental impairment or*

*disability during the trial. The defendant wanted to go to trial.* The defendant's own testimony concerning jury selection, although not completely accurate on a word-for-word basis with the record of proceedings, shows he was aware of the proceedings and communicated with his attorney during the trial. Defendant has failed to establish his attorney was ineffective in failing to request a continuance.

CP at 367 (emphasis added).

The superior court concluded that Setzer had failed to show any deficient performance or prejudice and "denied and dismissed" the petition. CP at 368. Setzer appeals the superior court's decision.

## ANALYSIS

### I. STANDARD OF REVIEW AND INEFFECTIVE ASSISTANCE OF COUNSEL TEST

"A decision of a superior court in a personal restraint proceeding transferred to that court for a determination on the merits is subject to review in the same manner and under the same procedure as any other trial court decision." RAP 16.14(b). "[T]he petitioner has the burden of proving issues in a reference hearing by a preponderance of the evidence." *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 410, 972 P.2d 1250 (1999). We review the superior court's factual findings for substantial evidence. *Gentry*, 137 Wn.2d at 410. "'Substantial evidence exists when the record contains evidence of sufficient quantity to persuade a fair-minded, rational person that the declared premise is true.'" *Gentry*, 137 Wn.2d at 410 (quoting *Ino Ino, Inc. v. City of Bellevue*, 132 Wn.2d 103, 112, 937 P.2d 154, 943 P.2d 1358 (1997), *cert. denied*, 522 U.S. 1077 (1998)). We do not review the court's credibility determinations. *Gentry*, 137 Wn.2d at 410-11. "Conflicting evidence may still be substantial, so long as some reasonable interpretation of it supports the challenged findings." *Gentry*, 137 Wn.2d at 411. Unchallenged findings of fact are verities on appeal. *See State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

In this case, Setzer has raised several ineffective assistance of counsel claims. If he meets the *Strickland*[4] standard for ineffective assistance of counsel, he has necessarily made a showing of prejudice sufficient to grant a PRP. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012) ("We hold that if a personal restraint petitioner makes a successful ineffective assistance of counsel claim, he has necessarily met his burden to show actual and substantial prejudice."). Accordingly, to prevail on an ineffective assistance of counsel claim, Setzer must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If an ineffective assistance of counsel claim does not support a finding of either deficiency or prejudice, it fails. *Strickland*, 466 U.S. at 697.

Our scrutiny of counsel's performance is highly deferential. *State v. Grier*, 171 Wn.2d 17, 44, 246 P.3d 1260 (2011). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998). To prevail on a claim that his counsel's performance was deficient in failing to file a motion, Setzer must show that the trial court would have granted the motion. *See State v. Brown*, 159 Wn. App. 366, 371, 245 P.3d 776 (counsel has no duty to pursue strategies that reasonably appear unlikely to succeed), *review denied*, 171 Wn.2d 1025 (2011). To establish prejudice, Setzer must show a reasonable probability that the outcome would have differed absent the deficient performance. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

---

[4] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

No. 44558-1-II

## II. ALLEGATION OF CLERK'S MISCONDUCT

Setzer first argues that the superior court erred in concluding that he did not receive ineffective assistance of counsel when Thayer failed to move to disqualify the jury venire after learning of a "serious irregularity" in the seating of the prospective jurors.[5] This argument fails.

Citing *State v. Tingdale*, 117 Wn.2d 595, 600, 817 P.2d 850 (1991), Setzer argues that (1) chapter 2.36 RCW requires that jurors be selected at random from a fair cross section of the population, *see* RCW 2.36.080(1),[6] and (2) we must presume prejudice when there is a departure from this statutory requirement. He challenges the superior court's finding that the trial court clerk complied with proper procedures in seating the jury panel.

Washington statutes require that the selection of the jury panel be random. *See In re Det. of Twining*, 77 Wn. App. 882, 896, 894 P.2d 1331, *review denied*, 127 Wn.2d 1018 (1995), *abrogated on other grounds by In re Det. of Pouncy*, 168 Wn.2d 382, 229 P.3d 678 (2010). Setzer does not challenge the superior court's findings that the clerk could not see into the box from which she drew the potential jurors' names, that there was no information other than the potential jurors' names on the slips, or that the clerk had no information that would have allowed her to "stack" the jury. Thus, these facts are verities on appeal. *O'Neill*, 148 Wn.2d at 571. Given these facts, Setzer does not show that the clerk's seating of the jurors was anything but random or that the trial court

---

[5] In his statement of additional grounds (SAG), RAP 10.10, Setzer appears to assert that the court clerk who seated the jury was a person named Linda, not the clerk who testified at the evidentiary hearing. The record does not support this assertion. Although the trial court asked someone to have a person named Linda retrieve a legal pad, there is nothing in the record suggesting that this person performed any of the clerk's functions at any time.

[6] RCW 2.36.080(1) requires, in part, that the persons selected for jury service be selected at random.

8

would have had grounds to grant a motion to strike the venire. And Thayer had no obligation to make a motion that the trial court would not grant.[7] Thus, the superior court did not err in rejecting this ineffective assistance of counsel claim.[8]

## III. PROSPECTIVE JUROR'S NEGATIVE OPINION

Setzer next argues that the superior court erred when it concluded that Thayer's failure to move to disqualify the jury panel after the prospective juror commented that she had a negative opinion of a defense witness did not amount to deficient performance.[9] This argument also fails.

---

[7] Although we need not determine whether any potential error prejudiced Setzer, we note that because Setzer has raised this issue as an ineffective assistance of counsel claim, the presumption of prejudice described in *Tingdale*, which did not involve an ineffective assistance of counsel claim, is not applicable here.

[8] In his SAG, Setzer raises several other arguments related to this claim. The majority of these arguments relate to whether the trial court clerk violated the jury selection process. The arguments do not alter the above analysis.

Also in his SAG, Setzer appears to contend that at least one of the prospective jurors who knew people at and did business with the tire store remained on the jury, arguably suggesting that this was prejudicial to him. Two or three prospective jurors who knew people who worked at the tire store and who did business with the tire store remained on the jury. But these jurors also stated that their familiarity with the staff and business relationships with the tire store would not affect their ability to remain impartial, and there is nothing in the record contradicting these statements. Thus, to the extent Setzer is arguing that these jurors remaining on the jury prejudiced him, the record does not support that claim.

[9] At the evidentiary hearing, Setzer testified that the prospective juror's comments were more extensive than the record shows. Setzer testified,

> Well, she stood up and said that she knew Marvin Dean Gregory, one of my witnesses. She said that she knew Marvin had grown up in Lyle, Washington and that she knew him very well and that he was a no-good person and -- negative, very unbelievable, that she didn't -- if she was to hear it, she wouldn't believe anything he had to say.

Report of Proceedings (Dec. 6, 2012) at 20-21. As the superior court recognized, Miles merely testified that she knew Gregory from elementary and high school and that her prior knowledge caused her to have a negative opinion of him that would affect her ability to remain impartial.

9

Setzer argues that although the prospective juror's statements were brief, they were very damaging to his defense. Relying on *Mach v. Stewart*, 137 F.3d 630, 633 (9th Cir. 1997), Setzer contends that the comments of a single member of the jury venire can "ineradicably taint the jury pool." Am. Br. of Appellant at 17. But we can easily distinguish *Mach* on the facts.

In *Mach*, the defendant was on trial for sexual contact with an eight-year-old girl. 137 F.3d at 631. The first prospective juror questioned in voir dire was a social worker, who stated that she would have a difficult time being impartial because of her work experience. *Mach*, 137 F.3d at 631-32. She also stated that "sexual assault had been confirmed in every case in which one of her clients reported such an assault." *Mach*, 137 F.3d at 632. The court continued to question the prospective juror, eliciting "at last three more statements from [the prospective juror] that she had never, in three years in her position, become aware of a case in which a child had lied about being sexually assaulted." *Mach*, 137 F.3d at 632. The court also asked the other prospective jurors whether anyone disagreed with the woman's statements and no one responded. *Mach*, 137 F.3d at 633. The trial court denied Mach's motion for a mistrial in which he "argu[ed] that the entire panel had been tainted by the exchange between the court and" this prospective juror. *Mach*, 137 F.3d at 632.

On appeal, the Ninth Circuit stated that "[g]iven the nature of [the prospective juror's] statements, the certainty with which they were delivered, the years of experience that led to them, and the number of times they were repeated," it "presume[d] that at least one juror was tainted and entered into jury deliberations with the conviction that children simply never lie about being sexually abused." *Mach*, 137 F.3d at 633. It equated the prospective juror's statements as tantamount to introducing highly inflammatory, extrinsic evidence from an expert which was

directly connected to the defendant's guilt and vacated the conviction after finding that the statements substantially affected or influenced the verdict. *Mach*, 137 F.3d at 633.

Here, in contrast, Miles's statements were brief, occurred only once, did not comment directly on the evidence but rather on the potential credibility of a witness Miles had known several years earlier, and were based entirely on personal opinion and not on years of professional experience. Thus, *Mach* is not instructive.

Furthermore, Setzer does not show that Thayer's failure to move to strike the jury panel based on Miles's statements amounted to deficient performance. Given that Miles's statement was brief, based on personal opinion, and she did not elaborate about why she had issues with Gregory, it was reasonable for Thayer to conclude that it was unlikely the trial court would have granted such a motion. Accordingly, the superior court did not err in finding that Thayer's conclusion that it was unlikely the trial court would have granted such a motion was reasonable. Given this conclusion, it was not deficient performance to fail to request a motion to strike the venire.

Moreover, there is nothing in the record showing that Miles's comments tainted the remaining jury pool. It is mere conjecture that it did and because this is a PRP, it is Setzer's burden to establish this fact.[10] Thus, this argument fails.

## IV. FAILURE TO REQUEST CONTINUANCE

Finally, Setzer argues that the superior court erred in rejecting his claim that Thayer provided ineffective assistance when he failed to move for a continuance to allow Setzer to address

---

[10] Setzer could have submitted affidavits or declarations from the jurors on his case or called these jurors to testify at the evidentiary hearing.

medication and/or pain issues. Setzer contends that because he was unable to address these issues, he was unable to exercise his right to testify in his own defense. This argument also fails.

Setzer first challenges the superior court's finding that he "wanted to go to trial" without delay. CP at 367. His argument focuses on whether he asked Thayer to move for a continuance. He contends that Thayer's testimony that he could not remember whether Setzer had asked to move for a continuance did not contradict his (Setzer's) testimony that he had asked Thayer to move for a continuance. Regardless of whether Setzer asked Thayer to move for a continuance, this ineffective assistance of counsel claim fails because even assuming, but not deciding, that Setzer did ask Thayer to move for a continuance, the superior court properly determined that Setzer had not adequately supported his claim that Thayer's performance was deficient.

Setzer argues that the superior court improperly based its conclusion that Thayer's representation was not deficient on its factual findings related to Setzer's basic competence, intelligence, or lack of obvious impairment. We disagree.

Thayer's testimony that Setzer appeared "very oriented and coherent" while they were preparing for trial, Report of Proceedings (Dec. 6, 2012) at 83, that Setzer was an intelligent man, and that he had no concerns about Setzer's ability to proceed or to assist in his defense support the superior court's finding that Thayer "found [Setzer] to be an intelligent man, and did not note any mental impairment or disability during the trial." CP at 367. That Thayer failed to observe any mental impairment or disability while preparing for trial contradicts Setzer's assertion that he was too impaired to testify. And if Setzer was not exhibiting any mental impairment or disability before trial, it is unlikely that the trial court would have granted a continuance to allow Setzer to deal with any health issues. Because Setzer did not show that the trial court would have likely granted such

12

a continuance on this ground, he failed to establish deficient performance, and the superior court properly dismissed this ineffective assistance claim.[11]

## V. STATEMENT OF ADDITIONAL GROUNDS (SAG)

Setzer also filed a SAG in which he presented numerous arguments. To the extent possible, we have addressed those arguments in footnotes set out in the relevant argument sections.

Throughout his SAG, however, Setzer appears to challenge numerous issues that were not presented to the superior court. Because these issue are beyond the scope of this appeal, which is limited to issues that we directed the superior court to consider, we do not address them.

Setzer fails to establish that the superior court erred in dismissing his PRP. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

MAXA, J.

SUTTON, J.

---

[11] Setzer's testimony that he felt too impaired to testify is not enough to undermine this conclusion because the superior court was entitled to find Thayer's testimony more credible and we do not examine the court's credibility determinations. *Gentry*, 137 Wn.2d at 410-11.