Walter COFFEY, Plaintiff–Appellant,

v.

Fred MUGLER, an individual; Richard Mugler, an individual; Suzanne Mugler, an individual; Gordon Thomas Honeywell Malanca Peterson & Daheim, a professional corporation; Eileen S. Peterson, an individual; Richard T. Hoss, an individual; Keith Klovee–Smith, individually and doing business as Keith Klovee–Smith Inc.

and Keith Klovee–Smith & Associates and Assist; Keith Klovee–Smith Inc., a Washington corporation, Defendants–Appellees.

Walter Coffey, Plaintiff–Appellee,

v.

Fred Mugler, an individual, Defendant,

and

Gordon Thomas Honeywell Malanca Peterson & Daheim, a professional corporation; Eileen S. Peterson, an individual, Defendants–Appellants.

Nos. 02–35401, 02–35493.
D.C. No. CV–01–05042–BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2003.

Decided June 18, 2003.

Before LAY,* GOODWIN, and GOULD, Circuit Judges.

### MEMORANDUM**

 Walter Coffey appeals the district court's decision granting summary judgment on his malicious prosecution claim against Fred, Richard, and Suzanne Mugler; Eileen Peterson, and Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, a professional corporation; Keith Klovee–Smith, and Keith Klovee–Smith, Inc., a Washington corporation. Coffey claims the district court erred in holding that his action was time-barred, and erred in deciding that defendants Peterson and Klovee–Smith were entitled to immunity.

Without reaching the merits of the Coffey's claim, we find that the district court did not err in deciding that his claim was barred by the statue of limitations, and in dismissing his claim in its entirety.

First, the parties disagree as to whether the statute of limitations runs within two or three years after the cause of action has accrued. In the absence of controlling Washington state law as to what statute of limitations applied to malicious prosecution actions, the district court applied the longer catch-all statute which controls in the case of "any other injury to the person or rights of another not hereinafter enumerated." Wash. Rev.Code Ann. § 4.16.080(2)(2003).

The district court found that under Washington state law, Coffey had the right to bring a claim for malicious prosecution when "the proceedings terminated on the merits in favor of the plaintiff, or were abandoned." *Bender v. City of Seattle,* 99 Wash.2d 582, 664 P.2d 492, 500 (Wash. 1983); *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wash.2d 485, 125 P.2d 681, 687 (Wash.1942). Applying the facts in this case to the law, the district court found that there had been an abandonment of proceedings either in 1996 when the charges against Coffey were quashed by the State of Illinois, or at the latest, upon the death of Mrs. Mugler in October, 1997. In either case, the court held that Coffey's claim, filed in January 2001, was time-barred under the three-year statute of limitations.

We find no error with the district court's decision.

AFFIRMED.

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.