[No. 38180.   Department Two.   August 18, 1966.]

THE STATE OF WASHINGTON, *Respondent,* v. ALLIN C.
FINLAYSON, *Appellant.**

*Griffin & Johnson,* for appellant.

*E. R. Whitmore, Jr.,* for respondent.

KALIN, J.†—For purposes of this decision, we need only
say that the appellant was charged with, tried for, and
convicted of negligent homicide. Appellant's motion for
new trial was denied on March 15, 1965, after which his
trial counsel withdrew and his present counsel took charge
of the case. Present counsel, sometime after timely notice
of appeal was given, discovered that the jury list in Chelan
County was not prepared in strict compliance with RCW
2.36.060, which provides as follows:

*Reported in 417 P.2d 624.

¹Judge Kalin is serving as a judge pro tempore of the Supreme Court
pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The jury list shall be selected by the judge or judges in the following manner:

(1) The selection of precincts from which names are to be selected shall be by lot;

(2) The number of jurors selected from each precinct selected under subsection (1) shall, insofar as practicable, be equal;

(3) The selection of prospective jurors within a given precinct shall be by selection of names in a given and identical numbered sequence based upon the number of jurors to be selected therefrom.

In Chelan County (1) the precincts from which names were to be selected were not drawn by lot; instead, all precincts were used; (2) the selection of jurors was not by a given and identical numbered sequence; (3) the proportionate list of registered voters was taken from the registration books by the city clerks of Cashmere, Leavenworth, and Chelan, and for Wenatchee and rural precincts by the jury commissioner appointed by the court; (4) there was nothing to indicate that the number of jurors selected from each precinct was equal.

There is no suggestion that there was any exclusion of any class of citizen or weighting of the jury list or that the jury list was not a representative cross section of the community. There is no showing or argument that the jury list, the venire or the jury itself was so composed that there might have been any inherent bias or prejudice against appellant. There is no showing that the appellant made any objection to the jury as selected, or that he even exhausted his peremptory challenges; or that appellant was denied his right to challenge any juror for bias or peremptorily. There is no allegation that any challenge was made, until after the jury verdict, to the entire jury panel or array.

■ Appellant assigns error to the trial court's failure to grant a new trial where there has not been a strict compliance with the statute in selection of the jury list. He argues that, because of the court's failure to comply strictly with the statute in compiling the jury list, we must presume prejudice. In *Roche Fruit Co. v. Northern Pac. Ry.*, 18

Wn.2d 484, 139 P.2d 714, defendant challenged the entire venire prior to commencement of trial, on the basis that the jury list was not properly selected. This court there held that prejudice will only be presumed where there has been a material departure from the statute.

■ *State v. Rholeder,* 82 Wash. 618, 620, 144 Pac. 914, is one of the earlier cases in which this court was concerned with the make-up of jury lists. We said:

> The manner of making up the jury lists indicated by the statute is merely directory, and need be only substantially complied with, to the end that a fair and impartial trial may be had. . . . [I]n this state we have followed the great weight of authority, to the effect that such statutes are directory and that the fact that the officer, in the performance of his duty, failed to conform precisely to the statutory requirements, did not invalidate his act unless it appears that there is reasonable apprehension that the complaining party has been prejudiced. The purpose of all these statutes is to provide a fair and impartial jury, and if that end has been attained and the litigant has had the benefit of such a jury, it ought not to be held that the whole proceeding must be annulled because of some slight irregularity . . . .

Having determined that a fair and impartial jury was secured in *State v. Phillips,* 65 Wash. 324, 327, 118 Pac. 43, we held that " . . . 'if the prisoner has been tried by an impartial jury, it would be nonsense to grant a new trial or a *venire de novo* . . . in order that he might be again tried by another impartial jury.' 1 Thompson, Trials, § 120."

It is therefor clear that where there is substantial compliance with the statute, as there was in the case before us, and the jury selected is fair and impartial, a defendant's right to a fair trial is protected.

■ We also note that objection to the method used in making up the jury list was not made until well after the trial had taken place. In *Shotwell Mfg. Co. v. United States,* 371 U.S. 341, 9 L. Ed. 2d 357, 83 Sup. Ct. 448, the court held, in essence, that failure to make timely objection to the jury panel before trial, in effect, constitutes a waiver.

It thus seems to us that the appellant waived any objec-

tion to the method of selecting jurors. Furthermore, we are convinced that the method of jury selection did not prejudice him in any respect, and certainly resulted in no reversible error.

The judgment is affirmed.

ROSELLINI, C. J., FINLEY, HAMILTON, and HALE, JJ., concur.

November 2, 1966. Petition for rehearing denied.