[No. 4052–II.   Division Two.   December 30, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ROY H. McCORMACK, *Appellant.*

*Daniel J. Tighe,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

REED, C.J.—Defendant Roy H. McCormack appeals an order dismissing his writ of prohibition which alleged that he had been denied a speedy trial under JCrR 3.08. We affirm.

On September 30, 1978, defendant was charged with driving while under the influence of intoxicating liquors. Counsel for defendant filed a notice of appearance on October 11, 1978, and demanded a jury trial, which was set for November 27, 1978. Pursuant to JCrR 4.07(b),[1] a list of 18 potential jurors was sent prior to trial to defense counsel, who struck 6 names from the list. Defendant's jury of 6 was to be chosen from the remaining 12 names.

On November 27 defendant and his attorney appeared for trial. Because the jury impaneled on that day did not come from the list provided to defendant, defendant's case was continued until November 29.

On the 29th, the 49th day after the filing of the notice of appearance, trial was had resulting in a hung jury, and a mistrial was declared. Subsequently, defense counsel learned that three jurors on the panel were not on the list

---

[1]JCrR 4.07(b) provides:

"A jury shall be selected as follows: the judge shall write in a panel the names of eighteen persons, citizens of the county, from which the defendant, or his attorney, must strike one name, the prosecuting attorney one, and so on alternately until each party shall have stricken six names, and the remaining six names shall constitute the jury to try such case; and if either party neglect or refuse to aid in striking the jury as aforesaid the judge shall strike the name in behalf of such party."

Since this case arose, the legislature has applied the method of jury selection used in superior courts to courts of limited jurisdiction. Laws of 1980, ch. 162, § 6.

provided.[2] According to an affidavit later submitted by the district court clerk, reasonable efforts to secure a jury from the names on the list had been unsuccessful; thus, three residents of Grays Harbor County who had served as jurors in the past and had indicated a willingness to serve again were called.

Defendant's trial was reset for January 15, 1979, a date more than 60 days from the filing of the notice of appearance. Prior to that date defendant moved to dismiss on the grounds that JCrR 3.08 and 4.07(b) had been violated. This motion was denied by the district court, as was his writ of prohibition in the Superior Court. Defendant now appeals.

Defendant's principal contention is that because of the improper jury selection under JCrR 4.07(b), the proceeding on November 29 was a "nullity" and not a "trial" for the purposes of JCrR 3.08. Accordingly, defendant argues he was not "brought to trial within 60 days from the date of appearance" and that the complaint should be dismissed. Further, defendant argues that the only proper remedy for the violation of JCrR 4.07(b) is dismissal.

We find defendant's position untenable. For purposes of the speedy trial rule, we believe any proceeding which may result in a final adjudication on the merits is a trial. *See Storey v. Shane,* 62 Wn.2d 640, 384 P.2d 379 (1963); *State v. Aleshire,* 89 Wn.2d 67, 568 P.2d 799 (1977). Had the November 29 proceeding resulted in an acquittal, there can be no question that this would have been a final adjudication. Consequently, we hold that the November 29 proceeding was a trial under JCrR 3.08. *See also State ex rel. Farmer v. Edmonds Municipal Court,* 27 Wn. App. 762, 621 P.2d 171 (1980).

Because the November 29 trial resulted in a mistrial, the defendant is only entitled to a retrial within 60 days of

---

[2]Arguably, by failing to object to the jury panel at trial, the defendant waived any objection to the method of selecting jurors. *State v. Finlayson,* 69 Wn.2d 155, 417 P.2d 624 (1966). Because of the limited record on appeal in this case, however, we do not rest our opinion on that ground.

the date of mistrial, absent deliberate prosecutorial misconduct designed to circumvent the right to a speedy trial. *State v. Aleshire, supra.* There is nothing in the record to suggest prosecutorial misconduct; thus, the January 15 trial date complied with the rule of *Aleshire.*

▪ We also disagree that the only proper remedy for a violation of JCrR 4.07(b) is dismissal. If such a violation occurred,[3] the appropriate remedy would be a new trial, not a dismissal.

The order dismissing the writ of prohibition is affirmed and the matter remanded to the district court for trial.

PETRIE and PETRICH, JJ., concur.

---

[3]While we do not condone the method used by the district court clerk in selecting the November 29 jury, it does not necessarily follow that the violation of JCrR 4.07(b) constituted reversible error. *See State v. Finlayson,* 69 Wn.2d 155, 417 P.2d 624 (1966). Because the November 29 trial ended in a hung jury, however, we need not decide this issue.