FILED
COURT OF APPEALS
DIVISION II

2014 JUN -3 AM 8: 35

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CITY OF CAMAS, | No. 44184-5 |
| Respondent,. | |
| v. | |
| VLADIMIR V. GRUNTKOVSKIY, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Vladimir Gruntkovskiy appeals his criminal conviction because the Camas Municipal Court jury that found him guilty was drawn from all of Clark County and did not include any residents of the City of Camas. Gruntkovskiy argues that RCW 2.36.050 requires courts of limited jurisdiction to draw their jury panels only from the area the court serves and that the municipal court's jury composition violated his constitutional right to an impartial jury because it did not represent a fair cross section of the community. But Gruntkovskiy did not raise the jury composition issue below. Because we hold that the alleged error in selecting the jury pool is not a manifest error affecting a constitutional right, we will not review the alleged error. Accordingly, we affirm.

## FACTS

Gruntkovskiy was charged with driving under the influence (DUI) and hit and run in violation of Camas municipal ordinances. He was found guilty as charged by a Camas Municipal Court jury.

Under an interlocal agreement between Clark County and the City of Camas, Clark County provides all judicial and court support services necessary to adjudicate all matters arising under the ordinances of Camas, including administering jury panels. Jury panels for cases involving Camas Municipal Court are summoned from a list of eligible jurors covering all of Clark County. Consistent with the court administration's practice, the jury panel in Gruntkovskiy's case was summoned from the county-wide list. None of the panel members assigned to Gruntkovskiy's case lived in Camas or in the postal zip code area designated as Camas. Gruntkovskiy did not object to the jury panel at trial.

Gruntkovskiy appealed to the superior court. The superior court affirmed his DUI conviction and reversed the hit and run conviction.

Gruntkovskiy moved this court for discretionary review. Our commissioner granted review on Gruntkovskiy's claim that the trial court erred in selecting his jury and the related issue whether he can challenge the jury's composition for the first time on appeal. We denied Gruntkovskiy's motion seeking to modify the commissioner's ruling to allow review of additional issues.

## ANALYSIS

Gruntkovskiy did not object to the jury composition below. The City argues that because he did not object, Gruntkovskiy waived his right to challenge this issue on appeal. We agree because the claimed error is not a manifest error affecting a constitutional right.

Under RAP 2.5(a), we generally will not review claims raised for the first time on appeal, unless the party claiming the error can show the presence of an exception to that rule. *State v. Robinson*, 171 Wn.2d 292, 304, 253 P.3d 84 (2011). RAP 2.5(a)(3) permits a party to raise such

No. 44184-5-II

a claim if it amounts to a "manifest error affecting a constitutional right."[1] To determine the

applicability of RAP 2.5(a)(3), we first must determine whether the alleged error is constitutional

in nature. *State v. Powell*, 166 Wn.2d 73, 84, 206 P.3d 321 (2009). We consider whether the

appellant's claim, if true, implicates a constitutional interest. *State v. O'Hara*, 167 Wn.2d 91,

98, 217 P.3d 756 (2010). If so, the next step is to determine whether the error is "manifest."

*O'Hara*, 167 Wn.2d at 99. An error is manifest only if the appellant shows actual prejudice.

*O'Hara*, 167 Wn.2d at 99. The appellant must make a plausible showing that the asserted error

had practical and identifiable consequences in the trial of the appellant's case. *O'Hara*, 167

Wn.2d at 99. The focus is on whether the error is "so obvious on the record that the error

warrants appellate review." *O'Hara*, 167 Wn.2d at 100.

A.     ALLEGED ERROR UNDER RCW 2.36.050

Gruntkovskiy's primary argument is that RCW 2.36.050 requires courts of limited

jurisdiction to limit random selection of jurors to the population of the area the court serves.

RCW 2.36.050 states:

> In courts of limited jurisdiction, juries shall be selected and impaneled in the same
> manner as in the superior courts, except that a court of limited jurisdiction shall
> use the master jury list developed by the superior court to select a jury panel.
> Jurors for the jury panel may be selected at random from the population of the
> area served by the court.

The parties debate whether RCW 2.36.050 requires courts of limited jurisdiction to draw jury

panels solely from the area the court serves or whether it merely authorizes the practice.

---

[1] Gruntkovskiy did not specifically argue that RAP 2.5(a)(3) or any other exception in RAP
2.5(a) applies here. Accordingly, we have the discretion to refuse to consider the jury
composition issue without further discussion. However, because Gruntkovskiy did argue that the
City violated his constitutional rights, we choose to consider this issue despite his failure to cite
to RAP 2.5(a)(3).

3

But RCW 2.36.050 necessarily involves a statutory right. Accordingly, any error in applying RCW 2.36.050 is not a constitutional error as required for review under RAP 2.5(a). We generally will not consider for the first time on appeal arguments that a statutory right has been violated. *State v. Hughes*, 154 Wn.2d 118, 153, 110 P.3d 192 (2005), *overruled on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006).

Gruntkovskiy asserts that violation of RCW 2.36.050 involves a constitutional right because it implements the constitutional right to a fair and impartial jury. We agree that the purpose of statutory procedures for making up the jury lists is to provide a fair and impartial jury. *See City of Tukwila v. Garrett*, 165 Wn.2d 152, 159-60, 196 P.3d 681 (2008). However, there is no authority stating that RCW 2.36.050 directly implements the jury trial right so that violation of it constitutes a constitutional error. Accordingly, because Gruntkovskiy's argument that the jury panel selection procedures below violated RCW 2.36.050 does not involve a constitutional right, we will not consider it.

B.    CONSTITUTIONAL RIGHT TO IMPARTIAL JURY

As noted above, Gruntkovskiy argues that the City violated his constitutional right to an impartial jury because the use of a county-wide jury panel rather than a jury panel drawn from the area the municipal court serves excludes a fair cross section of the community in which the trial is held. Both article I, section 22 of the Washington Constitution and the Sixth Amendment to the United States Constitution provide a constitutional right to a trial by an impartial jury. As a result, under RAP 2.5(a)(3) we must determine whether if the City erred in using a county-wide jury panel, that error violates this constitutional right.

Our Supreme Court has held that a criminal defendant has a Sixth Amendment right to a trial by a jury of one's peers drawn from a source fairly representative of the community. *State v. Rupe*, 108 Wn.2d 734, 746, 743 P.2d 210 (1987). To establish a violation of the fair-cross-section requirement, the defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Rupe*, 108 Wn.2d at 746 (quoting *Duren v. Missouri*, 439 U.S. 357, 364, 99 S. Ct. 664, 58 L. Ed. 2d 579 (1979)). Gruntkovskiy argues that his jury was not selected from a fair cross section of the community in violation of his constitutional right to an impartial jury.

Gruntkovskiy relies primarily on *Alvarado v. Alaska*, 486 P.2d 891 (1971). In *Alvarado* the Supreme Court of Alaska held that the practice in the third judicial district of Alaska of selecting all prospective jurors from the area within a radius of 15 miles of Anchorage deprived the defendant of his constitutional right to an impartial jury because it precluded residents of the Native village where the crime occurred and residents of virtually all Native villages from representation on jury panels. 486 P.2d at 898-900, 904. The court's decision focused on the great difference between the remote Native villages and the metropolis of Anchorage. *Alvarado*, 486 P.2d at 899-900. The court stated that where "prospective jurors are selected from an area which does not encompass the scene of the alleged crime, there will always be a danger that significant elements of the community in which the crime occurred will be excluded from representation on the jury panel, and that the panel will consequently fail to represent a fair cross section of the community." *Alvarado*, 486 P.2d at 902-03. The court held that "[b]ecause the

5

source from which [the] jury was drawn . . . excluded virtually all residents of Native villages in the third judicial district, we are constrained to find that the jury empanelled in this case could not have adequately represented a fair cross section of the community in which the crime occurred, and that it therefore cannot be deemed impartial." *Alvarado*, 486 P.2d at 903.

However, the facts here are much different than in *Alvarado*. *Alvarado* involved a systematic *exclusion* of a distinctive group in the community from participation in the jury process – the challenged procedure resulted in the exclusion of almost all Native village residents. 486 P.2d at 903. Here, Camas is within Clark County, and there is nothing to suggest that residents of Camas were excluded from the county-wide pool from which prospective jurors were randomly selected. The fact that no Camas residents were ultimately summoned for Gruntkovskiy's case does not mean that Camas residents were systematically excluded from the jury selection process. Drawing from allegedly too large an area does not implicate issues of impartiality in the same way exclusion of a group of citizens does.

This case is similar to *Rupe*, where the defendant argued that he was denied his right to trial by a jury composed of a fair cross section of the community because no one on the jury panel was under 35 years old and only three were under 40 years old. 108 Wn.2d at 746. The court rejected this argument because the defendant failed to prove that persons aged 18 to 34 or those aged 18 to 40 were underrepresented on the prospective juror list. *Rupe*, 108 Wn.2d at 747. The court emphasized that the mere fact that there were no people under a certain age on the jury panel was not enough to show a constitutional violation. *Rupe*, 108 Wn.2d at 748. Similarly, here, the mere fact that no Camas residents were on Gruntkovskiy's jury panel is not enough to show a violation of his constitutional right to trial by a jury composed of a fair cross

section of the community. Accordingly, we hold that the alleged error of using a county-wide panel in Gruntkovskiy's case was not an error of constitutional magnitude.

Moreover, even if the alleged error was constitutional in nature, that error is not manifest because Gruntkovskiy cannot show actual prejudice. There is no indication that the use of a county-wide jury panel had any practical and identifiable consequences in the trial of his case.

We hold that Gruntkovskiy cannot show that the City's alleged error in using a county-wide jury pool constituted a manifest error affecting a constitutional right. Accordingly, under RAP 2.5(a)(3), we will not consider Gruntkovskiy's unpreserved challenge to the jury panel selection procedures.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Maxa, J.

We concur:

Bjorgen, A.C.J.

Lee, J.